UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

WILLIAM JAMES WARREN,

        Petitioner,

v.                                      Case No. 2:05-cv-118
                                       HON. ROBERT HOLMES BELL

TERRY SHERMAN,

        Respondent.

_____/

## REPORT AND RECOMMENDATION

        Petitioner William James Warren filed this petition for writ of habeas corpus challenging the validity of his conviction.  Petitioner was convicted by a jury of first-degree murder for the November 23, 2000, shooting death of his brother, Fred Warren.  Petitioner was also convicted of possession of a firearm during the commission of a felony.  On August 29, 2001, Petitioner was sentenced to terms of two years imprisonment on the felony-firearm conviction and life imprisonment without parole on the murder conviction.

        Petitioner maintains that his conviction was obtained in violation of his federal rights.  Respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.  The parties have briefed the issues and the matter is now ready for decision.  In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, I am recommending that this petition for writ of habeas corpus be denied.

Petitioner raises the following issue in his petition for writ of habeas corpus:

Petitioner's Sixth Amendment right to a jury drawn from a fair cross-section of the community was violated when the jury selection process from which his jury pool was drawn from systematically excluded nearly 75% of eligible jurors due to a computer programming error within the Kent County jury selection computer system, resulting in an under-representation of African-Americans and other minorities being excluded from the jury pool.

Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case

differently than this Court has on a set of materially indistinguishable facts." *Id.* A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

- 3 -

Petitioner alleges that the Kent County jury pool, from which the jury which tried him was selected, excluded African-Americans and other minorities as a result of a computer programming miscue. Petitioner claims that the exclusion of minorities from the jury pool deprived him of his right to trial by a jury which was a fair and representative cross-section of the community. The Sixth Amendment, which guarantees "the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed," includes the right to have a jury drawn from a fair cross-section of the community. *Taylor v. Louisiana*, 419 U.S. 522, 528 (1975). However, it should be emphasized that in holding that petit juries must be drawn from a source fairly representative of the community, there is no requirement that petit juries actually chosen must mirror the community and reflect the various distinctive groups in the population. *See People v. Hubbard*, 217 Mich. App. 459, 472 (1996). A defendant is not entitled to a jury of any particular composition, *Fay v. New York*, 332 U.S. 261, 284 (1947); but the jury wheels, pools of names, panels, or venires from which juries are drawn must not systematically exclude distinctive groups in the community and thereby fail to be reasonably representative thereof. *Taylor*, 419 U.S. at 538.

Plaintiff relies on a three-prong test to establish a violation of the fair cross-section requirement. The test requires that Petitioner show: (1) that the group alleged to be excluded is a "distinctive" group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this under-representation is due to systematic exclusion of the group in the jury selection process. *Duren v. Missouri*, 439 U.S. 357, 364 (1979).

- 4 -

In addressing Petitioner's Sixth Amendment fair cross-section claim, the Michigan Court of Appeals found that even if Petitioner was correct that African-Americans were excluded from the jury pool, and his failure to raise the issue at trial was excused, his claim would still fail because it lacked an essential element – that the exclusion of African-Americans and other minorities must be intentional. Petitioner contends that the Michigan Court of Appeals applied the wrong law to the facts of his claim. Petitioner claims that the Court of Appeals' reliance on *Miller-El v. Cockrell*, 537 U.S. 322 (2003), was erroneous because that case dealt with the allegedly discriminatory use of peremptory jury challenges instead of the under-representation of minorities in jury venires.

However, Petitioner's claim fails on the merits. The United States Supreme Court has ruled that a showing of purposeful discrimination is essential element of a claim of racial discrimination in the jury process. *Id.* Additionally, other courts have found that systematic exclusion, the third prong of *Duren*, requires a showing of intentional or active discrimination. *See United States v. Cecil*, 836 F.2d 1431. However, Petitioner concedes that he lacks a basis for asserting that the under-representation of minorities in the jury selection process was intentional. Because Petitioner fails to prove an intentional discriminatory purpose, his claim is without merit. In the opinion of the undersigned, the Michigan Court of Appeals decision was not contrary to, and did not involve an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or resulted in a decision that was based upon an unreasonable determination of facts in light of the evidence presented in the state court proceeding.

In summary, the undersigned concludes that Petitioner's claim is without merit and therefore recommends that this Court dismiss the petition with prejudice.

- 5 -

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Petitioner in this application for habeas corpus relief.  Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted.  A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability.  *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001).  Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted.  *Id.*  Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000).  *Murphy*, 263 F.3d at 467.  Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  The undersigned concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong.  Petitioner's claim that his Sixth Amendment right to a jury drawn from a fair cross-section of the community fails on the merits, because Petitioner fails to assert that the discrimination in the jury process was intentional.  Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich.

LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal.

*United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140

(1985).


            /s/ Timothy P. Greeley
            TIMOTHY P. GREELEY
            UNITED STATES MAGISTRATE JUDGE

Dated:  August 14, 2007